

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-0605-14
---

### THE STATE OF TEXAS

### v.

### CUONG PHU LE, Appellee

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY
---

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

The majority reverses the trial court and the court of appeals and concludes that probable cause exists for the search warrant in this case despite the fact that the drug-sniffing dog's alert could not be considered under *Florida v. Jardines*, 133 S.Ct. 1409 (2013). However, I believe that the majority has stretched its reasoning in order to have the desired outcome for the State here. In the absence of the dog-sniff evidence, probable cause for a search warrant was not established.

The evidence presented in the affidavit for the search warrant–minus the dog sniff–included the report from the concerned citizen, an officer's observation that the blinds were tightly drawn, the fact that the utilities were registered to Appellee, the fact that Appellee's drivers license bore a different home address, an officer's observation of the smell of marijuana outside the home two weeks prior, an officer's observation that the air conditioning was running when it was 38 degrees outside, and an officer's observation of the smell of marijuana from Appellee's vehicle when stopped for traffic violations. I do not believe that these facts establish probable cause, and it insults our intelligence for the State to argue that the magistrate approved this warrant based on anything other than the dog sniff. If this evidence were sufficient to establish the probable cause for the warrant, then why would the officers have waited to perform the traffic stop and conduct the dog sniff before requesting the warrant?

This case is similar to *Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013), in which the court was also faced with a search warrant that was obviously based on illegal probable cause.[1] However, rather than stop themselves from repeating the same mistake, the court has again come back and validated a warrant that was originally based on facts–here, the dog sniff–that are not valid to constitute probable cause under our law. When one disregards the dog sniff, the remaining evidence in this case does not establish probable

---

[1]In *Wehrenberg*, officers made an unlawful and unwarranted entry into a home, conducted a sweep, and only *then* secured a search warrant. The State argued that the probable cause for the warrant was based on a confidential informant, when in reality it was based upon the officers' illegal entry into the home.

cause, and it was certainly not an abuse of discretion for the trial judge to conclude otherwise. For these reasons, I would uphold the ruling of the court of appeals and I respectfully dissent.

Meyers, J.

Filed: April 29, 2015

Publish